**FILED**

UNITED STATES DISTRICT COURT          MAY 2 3 2008  T C
FOR THE NORTHERN DISTRICT OF ILLINOIS          MAY 2 3 2008
EASTERN DIVISION          MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

INTERNATIONAL GOLDEN FOODS, INC.,
an Illinois Corporation

VS.

08CV3021
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE ASHMAN

SYNGENTA CROP PRODUCTION, INC.,
a Delaware Corporation

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADE DISPARAGEMENT, UNFAIR COMPETITION
PASSING OFF, FALSE ADVERTISING, CONVERSION, AND DILUTION

Plaintiff International Golden Foods, Inc., (hereinafter "Plaintiff" or "Golden Foods"), by

and through undersigned counsel, for its Complaint against defendant Syngenta (hereinafter,

"Defendant" or Syngenta), states as follows:

1.    This is an action for trademark infringement under the Lanham Act, 15 U.S.C.§ 1051 et

seq.: 1501 U.S.C. § 1125(a); unfair competition, passing off, false advertising, false

designation of origin of a famous mark under the Lanham Act, 15 U.S.C. § 1125(c),

arising from Defendant's use of Golden Foods' famous trademark GOLDEN®, and it's

trademark GOLDEN RICE™, in connection with genetically modified rice.

2.    Golden Foods has used the mark GOLDEN® in connection with a variety of rices since

1986.

3.    In or about 2001, plant geneticists Ingor Potrykus and Breyer, invented a transgenic,

- 1 -

Genetically Modified Organism, namely a rice, that combines genetic material from a crocus, the cauliflower mosaic virus, and bacterial genetic material. This rice is alleged to contain Vitamin A within the endosperm of the rice grain, which rice ordinarily does not contain.

4.    The inventors of this transgenic rice, a Genetically Modified Organism, has a bright yellow color. The yellow color results from the presence of crocus genetic material, which is believed responsible for the rice having the capability to generate carotenoids, or Vitamin A precursors in its endosperm. While rice plants would never cross, or reproduce when crossed with crocus, through the use of transgenic procedures and genetic modification, the resultant rice then incorporates parts of the crocus genome. Also, in the creation of the transgenic, genetically modified rice, steps are taken that impart antibiotic resistance, which is not related particularly to the creation of Vitamin A in the rice, but is used to ensure that the genetic modification desired has taken place during the process of creating the rice seed in the plant laboratory.

5.    The color was the inspiration for the transgenic, Genetically Modified rice to be named "Golden Rice", according to public statements made by Peter Beyer.

6.    Defendant Syngenta, as Syngenta Crop Production, Inc., acquired the rights to the patent pertaining to this transgenic Genetically Modified rice, and commenced upon a program of testing, including field testing, in a variety of locations.

7.    Defendant Syngenta also launched a web site, on information and belief, at some time after 2004, using the domain names, "goldenrice.com", "goldenrice.org", and "goldenrice.info", "goldenrice.de.com", "goldenrice.eu", and "goldenrice.co.uk".

- 2 -

8.    Defendant Syngenta is listed as the sole entity for all licensing of any seed resulting from the Golden Rice Project development of the transgenic, Genetically Modified Rice that was named 'golden rice' due to its bright yellow color. See:  printout of Defendant's web site, Exhibit A hereto, and incorporated by reference herein.

9.    The Golden Rice Project, having named the rice due to it's yellow color, caused by the presence of carotenoid, or Vitamin A precursor, conducted field tests in 2004 in Louisiana, in conjunction with Louisiana State University.  This history has been set forth in many publications, in addition to the Golden Rice Project web site.

10.    As a result of the publicity generated about this transgenic genetically modified rice labeled by The Golden Rice Project as "golden rice", distributors and customers of Golden Foods have become frightened at the prospect of genetically modified rice being included with the rice sold by Golden Foods.  As Golden Foods sells many varieties of rice under its GOLDEN® trademark, these rices are known collectively as Golden Rice, in addition to its parboiled rice, sold under the tradename GOLDEN RICE™.

### Parties

11.    Plaintiff INTERNATIONAL GOLDEN FOODS, INC., is an Illinois corporation with a principle place of business at 819 Industrial Drive, Bensenville, IL 60106.  Golden Foods sells a wide variety of rices, including Basmati, long grain white rice, short grain white rice, brown rice, and parboiled rice.  The rices sold by Golden Foods are sold under the GOLDEN® trademark, and are referred to by customers, consumers and distributors as "GOLDEN RICE".

12.    Defendant Syngenta is a Delaware Corporation with offices at 510 Swing Road,

- 3 -

Greensboro, NC 17409. The corporation is affiliated with Syngenta AG, of Switzerland.

13.    Defendant Golden Rice Project is on information and belief, a corporation located in
Freiberg Germany. It is believed that The Golden Rice Project is a division of, or wholly
owned subsidiary of, Syngenta, AG.

14.    Upon information and belief, defendants either separately or jointly, control a number of
web sites with a significant presence where they advertise, publicize and promote
Genetically Modified Organisms for ultimate use as food, namely a yellow, carotene
containing rice having a yellow color, which they name "golden rice".

## Jurisdiction and Venue

15.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §
1121 and 18 U.S.C. § 1338(a) and (b). In rem jurisdiction over the trademark and web
site address domain names is appropriate pursuant to 15 U.S.C. § 1125 (d)(2).
Defendants have done business within the state of Illinois, and personal jurisdiction is
proper under the Illinois long arm statute, 735 ILCS 2/209. Venue is proper in this
district pursuant to 28 U.S.C. § 1391 (b)(2).

## Facts

## The Golden Foods Trademarks

16.    The products known as GOLDEN RICE™ and sold under the GOLDEN® trademark,
including a variety of rices, are well known in the food marketplace.

17.    Golden Foods has been in business since 1986, and has sold rices and a wide variety of
foods under its GOLDEN® trademark.

18.    The trademark GOLDEN® (Reg. No. 2,122,597, for, among other things, rice, is

- 4 -

registered with the United States Patent and Trademark Office, and all affidavits under sections 8 and 15 of the Lanham Act have been filed. All appropriate fees for the trademark are current and paid in full.

19.   Golden Foods also is the owner of the trademark and trade name GOLDEN RICE, filed Feb. 22, 2008, with the US Patent and Trademark Office in Class 30, for rice.

20.   The certificates of registration identified in paragraph 18 are *prima facie* evidence of the validity of the registrations, the Registrant's ownership of the marks, and the Registrant's exclusive right to use the marks in commerce in connection with the goods and services specified in the certificates of registration under the provisions of 15 U.S.C.§

21.   The lifeblood of any food purveyor is the purity and quality of the food products offered for sale. Golden Foods has always operated its business by selling only the very best quality, highest purity, most safe, and most pure foods. As a matter of policy, Golden Foods does not sell, offer or promote any foods that are adulterated, or where there are problems in quality from its suppliers.

22.   Grocers, food distributors, marketers, vendors, and even consumers, are becoming more aware of, and more interested in, the origin of the foods they sell, purchase and consume. As such, even species of plants, produced for distribution as farm seed only, are also noticed and evaluated by consumers and distributors. Golden Foods has a long history of carefully vetting the origin of all products it sells for purposes of assuring high quality, and healthfulness of the food it sells and distributes.

23.   As a result of Golden Foods vigilance, the reputation of Golden Foods is one of respect where grocers, vendors, distributors, and customers know that when asking for any

product bearing the GOLDEN® mark is assured that the product inside the package will be the very best.

24.   At no time in the past has Golden Foods sold any rice containing any Genetically Modified Food within it.  Golden Foods in fact sells no Genetically Modified foods of any sort.

25.   Golden Foods has advertised its many rice and non-rice food products under the GOLDEN® brand for over twenty years.  As a result, much of the Golden Foods line of GOLDEN® rices have become known as GOLDEN® Rice.  In addition, Golden Foods has sold parboiled rice under the mark Golden Rice™.  The result has been that virtually all rices sold by Golden Foods have become known in the communities where they are sold, as "GOLDEN RICE".

26.   Golden Foods has advertised in many outlets, including newspapers, special store flyers, brochures, and on the Interne, and the GOLDEN RICE and GOLDEN rices are well known and famous..

27.   Golden Foods is also well known in smaller ethnic markets, and in markets catering to consumers seeking high quality, reasonably priced rices and other foodstuffs.

28.   Substantial amounts of money have been expended since the inception of Golden Foods in development of markets and outlets for its GOLDEN® rices, and in developing and expanding its markets for GOLDEN RICE™.  As a result, the public has come to associate the GOLDEN® rices, and GOLDEN RICE™ with healthful food, and with all foods sold by Golden Rice as these flagship products are the anchor foods for the entire Golden Foods product line.  In all, Golden Foods has expended over $400,000 in

advertising and marketing. The sales of Golden Foods rices now exceed over $2 Million, at retail, per year.

29. Golden Foods also sells its rices throughout the world. GOLDEN® rices can be purchased throughout North America, in Europe and in Africa. Golden Foods is also expanding its markets to include South America, the Middle East, and Asia.

30. As a result of the expenditures of effort, diligent attention to healthful purity and safety of products, careful monitoring to avoid any rices with undesirable pesticide contamination, contaminants, or artificial dyes, colors or other materials, GOLDEN RICE has acquired a loyal customer base, high consumer recognition in the minds of the relevant public, and the name GOLDEN RICE is associated with tremendous goodwill. The GOLDEN RICE™ and GOLDEN® rices have become assets of incalculable value as symbols of Golden Foods products.

31. Customers of Golden Foods have complained that they are wary of purchasing Golden Foods' GOLDEN® rices, including Golden Foods GOLDEN RICE™, because they fear there may be Genetically Modified rice within the packages. This has caused a loss of sales, and in certain areas, a boycott against Golden Foods entire GOLDEN® product line. Distributors have canceled orders, or cut back on orders. Customers have complained to them that, "if Golden Foods would put Genetically Modified rice into its food line, they cannot be certain that the rest of the Golden Foods line of products is not tainted, or harmful."

32. In 2004, there was a contamination of the rice product grown in Louisiana by Genetically Modified rice. This caused a recall of all rice packaged that may have contained

- 7 -

Genetically Modified Rice, and caused the Rice Industry to lose hundreds and hundreds of millions of dollars. Similarly, there have been recalls of food products made with flour contaminated by Genetically Modified grains. Those recalls also cost the food industry hundreds of millions of dollars.

33.   To date, there is no current authority for the marketing or selling or consumption of Genetically Modified Rice by humans in the United States. Europe has tightened its regulations, and has restricted the importing of Genetically Modified Foods. Press, both mainstream and online, regularly cover the issue of safety of Genetically Modified Foods, and this coverage often cites as a model for promotion of these transgenic, Genetically Modified foods, the very rice that Defendants have named "golden rice". In the past six months, these press accounts have caused confusion in the minds of purchasers of GOLDEN® rices, and fears that these rices from Golden Foods might contain Genetically Modified Foods where there have not been any long term, longer than ten year, tests of food safety.

34.   Golden Foods obtains much of its rice supply from Asian growers, and from growers in Louisiana and Texas in the US, among other sources. These various rices are packaged as GOLDEN® Basmati Rice, GOLDEN® Rice - Long Grain, GOLDEN® Rice Medium Grain Rice, GOLDEN® Rice - Brown Rice, and GOLDEN RICE™ Parboiled Rice. GOLDEN RICE™ Parboiled Rice is a rice that has been processed slightly to render it more quick cooking than other rices.

35.   Persons interested in the quality of rice sold by Golden Foods have informed it that, in 2006, the US Department of Agriculture, (USDA) issued a recall of all rice from an area

- 8 -

of Louisiana due to Genetically Modified Organism contamination from that area of Louisiana. The losses due to that contamination and recall were estimated to exceed $1.1 Billion to the rice industry generally. Customers have cited this recall and GM contamination event for one reason they believe Golden Foods is selling GM tainted rice in its GOLDEN RICE, and GOLDEN line of rices.

36.    Customers, distributors, marketers and members of the public have informed Golden Foods that they distrust any product in the GOLDEN® lines, including canned vegetables, pickles, canned legumes, and the like. They have stated that if Golden Foods would package transgenic, or Genetically Modified food into the GOLDEN RICE, or GOLDEN rices, they cannot trust the food that is otherwise packaged for sale and human consumption, thus tainting the entire product line of Golden Foods.

**Defendant's Wrongful Conduct**

37.    Defendant's entire concept of naming its transgenic, Genetically Modified Rice, was based upon its wholesale appropriation of the name "Golden Rice", for a bright yellow grain created through gene splicing, transgenic methods, and entirely non-natural breeding processes. In doing so, Defendant seeks to trade from the good will and worldwide recognition of the GOLDEN® and GOLDEN RICE™ trademarks.

38.    Transgenic and gene splicing techniques used in creating Genetically Modified Organisms have been widely publicized in recent years. To date, there have been millions of articles written about Genetically Modified foods, and many books can be found on the subject.

39.    While the Defendant's "golden rice" has not been approved for human consumption to

date, Defendants hail it as a great step forward in prevention of blindness due to dietary deficiencies in Vitamin A consumption. Evaluation of these claims has revealed that an adult would need to consume approximately 20 pounds of "golden rice" in a single day to ingest sufficient Vitamin A precursor from 'golden rice". Also, a literature search has revealed that it has not been confirmed to date whether or not the carotenoid, or Vitamin A precursor, which may not translate to Vitamin A in the body, in Defendant's "golden rice" is entirely bio-available. This means that it is not known whether or not the Defendant's "golden rice" would provide a functional amount of Vitamin A to a human consuming that rice, in any event.

40.  Throughout the first part of this Century, there have been many developments in plant biology, and there are probably none as controversial as Genetically Modified foods. The Defendants are proposing the marketing and growing of a particular variety, namely "golden rice" which would be directed to the rice growing areas of Asia and other areas where Vitamin A deficiency is a health problem.

41.  The Defendants "golden rice" has been labeled as a hoax, and several books and publications such as the New York Times, refer to it as "The Great Yellow Hype", or "The Great Yellow Hope".

42.  Defendants advertise and promote their rice as a preventative, a pharmaceutical sort of food, where a prescribed amount of Vitamin A, not normally found in rice, can be eaten to prevent blindness caused by Vitamin A deficiency. But Defendants neglect to inform the public that a two year old child would have to consume 7 pounds of the rice per day, or that an adult would have to consume 20 pounds of "golden rice" per day. Plus,

- 10 -

nowhere in any of the Defendants literature or publications have there been any studies that assure all of the vitamin A in the rice would be converted to a bio-available form upon ingestion.

43.    Defendants also promote their "golden rice" via web sites using domain names including, "goldenrice.com", "goldenrice.org", "goldenrice.info", among others. There are other "goldenrice" domain names, which may or may not have been reserved for future use by the Defendants.

44.    The publicity surrounding the transgenic, Genetically Modified rice. Defendants label as "golden rice", has caused confusion in the minds of customers and distributors of Golden Foods' GOLDEN® Rice lines. This confusion has resulted in lost sales, reduced sales and formerly robust demand being reduced.

45.    In fact, the publicity concerning the Defendants "golden rice" has caused such severe doubts in the minds of some customers, so as to severely reduce the value of the Golden Foods GOLDEN® Rice marks totally valueless, based upon lost sales, and threats of claims for damage to customers from inclusion of untested "Frankenfood", (or food resulting from breeding two or more species that would not breed in nature, such as cauliflower, crocus, and rice), in the packages of rices sold by Plaintiff.

46.    Defendants, on their own volition, or jointly or separately, or in concert with other entities, have participated in test ground planting of their "golden rice" in areas of Louisiana in or around 2003, 2004, 2005, and/or 2006.

47.    Thus, Defendants willful actions (1) have the likelihood of affecting interstate commerce by deceiving, confusing or damaging customer confidence in Golden Foods products

throughout this Nation, and the entire worldwide marketplace where Golden Foods sells its rices; (2) constitute a false designation of origin of the Defendant's goods or services by passing them off as being associated with Golden Foods; (3) suggest a non-existent connection between the Defendants and Golden Foods; (4) suggest that Golden Foods has affiliated with, sponsored, licensed or approved of Defendant's goods, services, or businesses, (5) could cause the GOLDEN marks to become generic in the eyes of the general public and destroy the origin-identifying function of the GOLDEN marks, and/or (6) cause irreparable harm to the ongoing business, future business opportunities, and interfere with business relations between Golden Foods, its suppliers, distributors, customers and consumers, in relation to Golden Foods GOLDEN® rices, and Golden Foods GOLDEN RICE™; (7) destroy the good will, reputation, and consumer confidence in Golden Foods; (8) irretrievably remove the value of the mark GOLDEN RICE™ for all future use by Golden Foods, and/or (9) irretrievably remove the value of the mark GOLDEN, for all future use by Golden Foods.

### First Cause of Action

### Federal Trademark Infringement

48.    Golden Foods realleges and incorporates by reference herein the allegations of paragraphs 1 through 47, of this Complaint.

49.    Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, et seq..

50.    Golden Foods federal registration on the Principal Register for the mark GOLDEN, for its line of rices including GOLDEN® Rice Long Grain rice, GOLDEN® Rice Basmati rice,

GOLDEN® Rice Short Grain rice, GOLDEN® Rice Par-Boiled rice, are conclusive evidence of Golden Foods' exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115. The registration is incontestible, which provides conclusive evidence of the validity of the registration. Golden Foods' ownership of the mark and exclusive right to use the mark in commerce in connection with the goods specified in the certificates of registration under 15 U.S.C. 1115(b).

51.  Defendants wrongful use of the Golden Rice marks, including the misappropriation of the trademarks in domain names, indicates a thematic marketing strategy for promotion of their transgenic, Genetically Modified rice. This has caused, will cause, and is likely to cause in future, confusion as to the origin identifying function of trademarks, particularly the GOLDEN® and GOLDEN RICE™ trademarks. This confusion also extends to all rices marketed by Golden Foods under its GOLDEN® trademark.

52.  As a proximate result of Defendants actions, Golden Foods has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to Golden Foods is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Golden Foods for its injuries and Golden Foods lacks an adequate remedy at law.

53.  The foregoing acts of infringement have been, and continue to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

### Second Cause of Action

### Federal Unfair Competition, False Designation of Origin

### Passing Off, and False Advertising

54. Golden Foods realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 53 of the Complaint.

55. The GOLDEN and GOLDEN RICE marks as used by Golden Foods and its licensees, distributors, and marketers in connection with providing goods, namely rices and other foods, that are totally free from any contamination by, or mixing with, any transgenic, or Genetically Modified foods or food products. The marks are used in a distinctive manner, and have become associated with Golden Foods products, business and services.

56. Because of Defendants wrongful use of the GOLDEN RICE and GOLDEN trademarks, and it's appropriation of these marks for its entire line of transgenic and Genetically Modified Foods, namely rice, consumers and distributors and marketers are led to believe that the transgenic, Genetically Modified rice that is brightly yellow colored, originates with or is sponsored by or is otherwise approved of by Golden Foods, in violation of the Lanham Act. Alternatively, this designation will cause customers to believe that the marks are generic, thus destroying the goodwill and value Golden Foods has built with the GOLDEN and GOLDEN RICE marks.

57. The foregoing acts and conduct by Defendants constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendant's acts as set forth above, have caused irreparable injury to Golden Foods goodwill and reputation. The injury to Golden Foods is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Golden

- 14 -

Foods for its injuries and Golden Foods lacks an adequate remedy at law.

59.    Golden Foods is entitled to a permanent injunction against Defendant, as well as all other remedies under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of all profits, and costs and attorney's fees.

### Third Cause of Action

### Dilution of Famous Marks

60.    Golden Foods realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 59 of the Complaint.

61.    Golden Foods' GOLDEN RICE marks are famous trademarks within the meaning of the Anti-Dilution Act, 15, U.S.C. § 1125(c).

62.    Golden Foods has no control over the quality of the Golden Rice Project's, or over Syngenta's web sites, advertising, publications, marketing schemes, products, its use of the GOLDEN RICE trademarks, or its licensing procedures.  As a result of such use by the Defendants, the distinctive qualities of the GOLDEN RICE marks are being and will continue to be diluted.

63.    Defendant's operation of its web sites, marketing schemes, publications, sales, licensing, testing, quality verification, or other matters of its business operations, is beyond the control or purview of Golden Foods.  As a result of such use by the Defendants, the distinctive qualities of the GOLDEN RICE marks are being and will continue to be diluted.

64.    Defendant's operation of its business developing and licensing its transgenic, Genetically Modified rice, and operation of web sites bearing the GOLDEN RICE marks in domain

name form, will continue to dilute the distinctive nature of the GOLDEN RICE marks through blurring, in violation of 15 U.S.C. § 1125(c).

65.   The Defendant's wrongful conduct constitutes an extreme threat to the distinctiveness of the GOLDEN RICE Marks that Golden Foods has expended great efforts to develop and maintain through its strict control over the decision to license usage of the GOLDEN RICE Marks.

66.   The distinctive nature of the GOLDEN RICE Marks is of enormous value to Golden Foods, and Golden Foods will continue to suffer irreparable harm and blurring of the GOLDEN RICE Marks if Defendant's wrongful conduct is allowed to continue.

67.   The Defendant's will likely continue to operate web sites, disseminate materials, publish articles in the popular, and peer reviewed press, conduct public relations campaigns, offer yellow transgenic Genetically Modified rice for sale or license, and otherwise continue to use the GOLDEN RICE marks unless enjoined by this Court.

68.   Golden Foods is entitled to a preliminary and permanent injunction against the Defendants, as well as all other remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

WHEREFORE, Golden Foods prays for judgment against the Defendants as follows:

1.   That Defendants, their officers, agents servants, employees and attorneys, and those persons or entities in active concert or participation with the Defendants who receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from:

- 16 -

a.    using any of the GOLDEN RICE marks or any variation of "GOLDEN RICE", specifically including but not limited to, any term that includes "Golden" with rice, or any misspelling thereof, in connection with the promotion, marketing, advertising, public relations, and/or operation of any business practices or acts, in connection with selling transgenic, Genetically Modified rice, or any other rice or rice product, whether for human consumption, seed crops or other uses;

b.    diluting, blurring, passing off or falsely designating the origin of the GOLDEN RICE marks, or GOLDEN in connection with rice, and from injuring Golden Foods goodwill and reputation;

c.    doing any act or thing likely to induce the belief that the transgenic Genetically Modified rice of the Golden Rice Project, or of any such rice licensed, promoted or sold by Syngenta, or any other related business, service or product are in any way connected with, sponsored by, affiliated, licensed or endorsed by Golden Foods.

d.    using any of the GOLDEN or GOLDEN RICE Marks for goods or services, on the Internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of the Defendants with Golden Foods.

2.    That Defendant, in accordance with 15 U.S.C. § 1116(A), be directed to file with this Court and serve upon Golden Foods, within 30 days after the service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form, including future planned actions, by which Defendant has complied with the permanent

- 17 -

injunction, and all actions and planned actions for ensuring future compliance with the permanent injunction;

3.    that Golden Foods recover its actual damages sustained as a result of Defendant's wrongful actions;

4.    That Golden Foods recover Defendant's profits made as a result of Defendant's wrongful actions;

5.    That Golden Foods recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Golden Foods damages, whichever is greater;

6.    For actual damages for interference with business, loss of business, paid by the Defendants to Golden Foods in excess of $5 Million dollars.

7.    That the defendants be charged with all costs of publicity and new trademark selection for the Golden Line of Rices including but not limited to GOLDEN rices and GOLDEN RICE.

8.    That this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse Golden Foods for its reasonable attorneys' fees.

9.    That Golden Foods be awarded exemplary damages for Defendant's willful and intentional acts;

10.   That Golden Foods recover its costs of court; and,

11.    That Golden Foods recover such further relief to which it may be entitled.

Dated:

Respectfully Submitted,

Elizabeth Hunt Schoettly
LAW OFFICES OF ELIZABETH H. SCHOETTLY
1355 West Estes Avenue, Suite L3
Chicago, Illinois 60626
Telephone: (773)761-4590
Facsimile: (773)761-4590

Counsel for Plaintiff

- 19 -



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat May 10 04:13:11 EDT 2008*



Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [    ]    OR    Jump | to record: [    ]    **Record 15 out of 20**

TARR Status | ASSIGN Status | TDR | TTAB Status | ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| **Word Mark** | GOLDEN |
| **Goods and Services** | (CANCELLED) IC 029. US 046. G & S: [pickled hot peppers, processed egg plants, processed cucumbers, canned vegetables, fruit preserves, jams, dried fruits, dried dates, processed nuts, processed peas, processed beans, processed corn]. FIRST USE: 19860701. FIRST USE IN COMMERCE: 19860701 |
| | IC 030. US 046. G & S: RICE,[COFFEE, TEA, SUGAR, CAKES, PASTRIES,] HONEY, SPICES, SAUCES AND PEPPER. FIRST USE: 19860701. FIRST USE IN COMMERCE: 19860701 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74374854 |
| **Filing Date** | April 2, 1993 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 31, 1994 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 2122597 |
| **Registration Date** | December 23, 1997 |
| **Owner** | (REGISTRANT) INTERNATIONAL GOLDEN FOODS, INC. CORPORATION ILLINOIS 819 Industrial Drive Bensenville ILLINOIS 60106 |
| **Attorney of Record** | Joseph T. Nabor |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20070902. |
| **Renewal** | 3RD RENEWAL 20070902 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

## VERIFICATION

Mansour Amiran, under penalty of perjury of the laws of the United States, states: That he is President of International Golden Foods, Inc., an Illinois corporation, and that he has read, is familiar with, and has personal knowledge of the contents of the foregoing Complaint for Trademark Infringement, etc., and that to the best of his knowledge, information and belief, all matters alleged therein are true and correct.

Executed this: _____, 2008 in Bensenville, Illinois.

_____
Mansour Amiran



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat May 10 04:13:11 EDT 2008*



Logout Please logout when you are done to release system resources allocated for you.

Start List At: [ ] OR Jump to record: [ ] **Record 15 out of 20**

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | GOLDEN |
| **Goods and Services** | (CANCELLED) IC 029. US 046. G & S: [pickled hot peppers, processed egg plants, processed cucumbers, canned vegetables, fruit preserves, jams, dried fruits, dried dates, processed nuts, processed peas, processed beans, processed corn]. FIRST USE: 19860701. FIRST USE IN COMMERCE: 19860701

IC 030. US 046. G & S: RICE,[COFFEE, TEA, SUGAR, CAKES, PASTRIES,] HONEY, SPICES, SAUCES AND PEPPER. FIRST USE: 19860701. FIRST USE IN COMMERCE: 19860701 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74374854 |
| **Filing Date** | April 2, 1993 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 31, 1994 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 2122597 |
| **Registration Date** | December 23, 1997 |
| **Owner** | (REGISTRANT) INTERNATIONAL GOLDEN FOODS, INC. CORPORATION ILLINOIS 819 Industrial Drive Bensenville ILLINOIS 60106 |
| **Attorney of Record** | Joseph T. Nabor |

| | |
|---|---|
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20070902. |
| **Renewal** | 3RD RENEWAL 20070902 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

| Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead | |
|---|---|---|---|---|---|
| 1 | 78885542 | 3297736 | CRISPA | TARR | LIVE |
| 2 | 78771565 | 3260258 | NAR | TARR | LIVE |
| 3 | 78821973 | | GOLDEN | TARR | LIVE |
| 4 | 78443877 | | BASRA | TARR | DEAD |
| 5 | 78269887 | 2853888 | OLIVE TREE | TARR | LIVE |
| 6 | 78264517 | 2853814 | PLAN | TARR | LIVE |
| 7 | 77033388 | | ANGEL KISSES | TARR | DEAD |
| 8 | 75543577 | 2285272 | GOLDEN WALNUT | TARR | LIVE |
| 9 | 75538462 | | INTERNATIONAL GOLDEN FOODS | TARR | DEAD |
| 10 | 75538461 | | CEDAR | TARR | DEAD |
| 11 | 75525234 | | CEDAR | TARR | DEAD |
| 12 | 75465742 | | KOHINOOR | TARR | DEAD |
| 13 | 75125069 | 2221081 | THIMBLE | TARR | LIVE |
| 14 | 74712258 | 2110267 | BUCKLEY'S | TARR | LIVE |
| 15 | 74374854 | 2122597 | GOLDEN | TARR | LIVE |
| 16 | 74073303 | 1647571 | | TARR | DEAD |
| 17 | 74091276 | | | | |